[Civ. No. 817.    Fifth Dist.    Apr. 12, 1968.]

DONALD H. McCOLLUM et al., Plaintiffs and Respondents, v. WILLIAM STEITZ, Defendant and Appellant.

Cominos, Shostak & Epstein and Theodore H. Cominos for Defendant and Appellant.

Harvey E. Burnett for Plaintiffs and Respondents.

CONLEY, P. J.—One of the defendants, William Steitz, partner of William Hamrick in the operation of a Fresno restaurant called the "Desert Inn," appeals from a judgment against him and the partnership based on a promissory note for $6,700 principal, together with interest, attorneys' fees, and costs. For approximately 20 years, both before and after the date of the note, Messrs. Steitz and Hamrick were partners; during most of that time, Mr. Steitz was also in the automobile business for himself in Stockton and later in Salinas, while Mr. Hamrick lived in Fresno and, as manager, had charge of the restaurant business.

The promissory note in question reads as follows:

The record shows that the note was executed to replace two promissory notes which evidenced earlier loans by Mrs. Hey and her husband to the "Desert Inn." At her request, the name of her son, Donald H. McCollum, was added as payee so that he would have an interest in the moneys represented by it, and could collect the proceeds if she were not in a position to do so. Mr. Hamrick executed the note in the normal course of business and admits that, in signing the name "Desert Inn" beneath his own signature, he intended to charge the partnership; he acquiesces in the judgment. There is no legitimate evidence leading to a contrary conclusion, and it must be held that the findings are supported by substantial evidence.

Mr. Steitz at the time the note was signed, and for many years previously, had been a partner of Mr. Hamrick in the operation of the ''Desert Inn,'' under that trade name.

We fail to find any reason why the judgment should be reversed. The ''Amended Findings of Fact and Conclusions of Law'' assert that Steitz and Hamrick were copartners, doing business under the firm name and style of ''Desert Inn,'' and that on the 20th day of February 1965, at Fresno, Mr. Hamrick ''. . . made, executed and delivered to the plaintiffs for and on behalf of the copartnership a promissory note in writing for the sum of $6,700.00 with interest at the rate of 6% per annum until paid.'' The findings continue by saying that the note is ambiguous ''. . . in that it is not clear therefrom whether William Hamrick wrote ''DESERT INN'' under his signature to indicate it was his address or whether he was signing on behalf of the business.'' The findings call attention to the fact that defendants promised in the note to pay costs of collection, including attorney's fees; that the plaintiffs have received no payment on the note; and that they are entitled to judgment against the defendants and each of them in the sum of $6,700 with interest and costs, and $850 attorney's fees.

The conclusions of law include the following:

''4. That parol evidence of the plaintiff BYRD HEY and the defendant WILLIAM HAMRICK was admissible to resolve the ambiguity present in the promissory note, namely, whether or not defendant WILLIAM HAMRICK executed the note as an individual or as a representative or partner of Desert Inn, and to establish the individual liability of defendant WILLIAM STEITZ.''

The appellant argues that parol evidence was not admissible; but Mr. Witkin, in California Evidence (2d ed. 1966) section 727, page 672, states that the correct rule would seem to be that in any case parol evidence may be freely offered to explain a patent ambiguity; according to an old theory, now almost universally repudiated, an ambiguity appearing on the face of the instrument could not be explained by extrinsic evidence. (See *Masterson* v. *Sine,* 68 Cal.2d 222 [65 Cal.Rptr. 545, 436 P.2d 561].)

A general partner is the agent of the partnership and may bind the partnership. (See Corp. Code § 15009.)

Appellant cites *Bank of America* v. *Kumle,* 70 Cal. App.2d 362 [160 P.2d 875], in his argument that respondents did not meet their burden of proof. However, that case is

distinguishable. In that case, the notes in question were not executed in the partnership name but in an individual name, and they were not executed for the purpose of furthering or meeting the obligations of the partnership business, for at that time there was no partnership, and obviously a partnership was not then carrying on the business. Here, the partnership had been in existence and operating the "Desert Inn" for many years; appellant knew of the debt before the execution of this note; the partner of appellant testified the note was intended to be that of the "Desert Inn" as did Mrs. Hey, respondent.

The principal contention made by the appellant is that the promissory note was not executed in compliance with the requirements of the Commercial Code so as to bind Mr. Steitz as a partner. Over objection, evidence came in that Mr. and Mrs. Hey had at one time made a loan to the "Desert Inn" in the total sum of $20,000 to buy stock and pay taxes. Mr. Hamrick said that he did not off-hand remember the exact amount, due to past illness. On cross-examination, Hamrick was asked the circumstances under which the promissory note was executed, why the money was borrowed, and whether it was obtained by him for individual purposes or for the business. Counsel for Steitz objected to this on the ground that the instrument itself indicated to whom the loan was made, and that was the best evidence, and that parol evidence should not be allowed. Counsel for Steitz also stated that evidence as to the purpose for which the funds were given to Hamrick should be refused, because if a partnership borrowed money it made no difference what use was made of it and that such evidence was not competent. The court overruled the objection, and Mr. Hamrick was allowed to testify that the money was used in the business of the "Desert Inn"; there was a checking account in the name of the "Desert Inn" and the parties authorized to sign checks on the account were Messrs. Steitz and Hamrick, and for a short period one other person.

Mrs. Hey testified that she had loaned the "Desert Inn" money on more than one occasion; she had held one note for $5,000 and another for $1,700; she asked Mr. Hamrick to combine the amounts and to make a single note for $6,700 and also to put her son's name on it with hers, as a payee, so that if she should become ill, he could collect; she agreed to return the two notes which she then held in exchange for the new note. She testified that she had never been paid any of the principal or any interest.

Sections 3401 and 3403 of the Commercial Code declare the signature and form thereof required in executing a negotiable instrument such as the one in this suit. Section 3401 reads as follows:

''(1) No person is liable on an instrument unless his signature appears thereon.

''(2) A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature.''

Section 3403 of the Commercial Code provides in part:

''(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.''

In 2 California Commercial Law (Cont. Ed. Bar 1965) a proper form for a note executed on behalf of partners is given (§ 3.6); the text states that while no person is liable on an instrument unless his signature appears on it (Com. Code, § 3401, subd. (1)), ''. . . a partnership is liable on a note executed on behalf of the partnership (§ 3401(2)), and all partners are jointly liable for the obligation. Corp. C. § 15015(b).''

Mr. Steitz answered the complaint ''. . . individually and . . . as co-partnership under the firm name and style of Desert Inn.'' The name ''Desert Inn'' is on the note. One may be liable under a trade name even though one's own name is not on the instrument. (Com.Code, § 3401, subd.(2).)

The ''Desert Inn'' was a well-known business. Section 3403, subdivision (3), of the Commercial Code states, in part, that the name of an organization *preceded* or *followed* by the name of the authorized person is the signature made in a representative capacity. Here, Hamrick's name came before that of the ''Desert Inn.'' The address ''2445 Whites Bridge Rd.'' is set forth twice on the note. Respondents contend that almost every blank in the note has the wrong word in it—as it has—although the overall sense is clear and that the two addresses on the note could properly indicate that two parties are involved, that is to say, Mr. Hamrick and the partnership, and that the address of each is added. We are convinced that the evidence shows that the note was properly executed by Mr. Hamrick, who was the manager of the partnership business, and that in writing ''Desert Inn'' under his own name

with two statements of the address, he properly included the necessary factors to make the partnership liable.

The judgment is affirmed.

Stone, J., and Gargano, J., concurred.

A petition for a rehearing was denied May 8, 1968, and appellant's petition for a hearing by the Supreme Court was denied June 5, 1968.